UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHARLES SMITH, )  )         Plaintiff, )  ) vs. ) )  DAVID KLINE, *et al.*, )  )         Defendants. ) | CAUSE NO. 3:05-CV-761AS |

OPINION AND ORDER

Charles Smith, a pro se a pro se prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Fed. R. Civ. Pro. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted.

Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Smith alleges that the defendants, GlaxoSmithKline, Osco's Drug Store, and pharmacist David Kline violated his legal rights. Specifically, he alleges violations of the Wheeler-Lea Act, conspiracy to price fix, in violation of the Robinson Patman Act, breach of duty, RICO violations, the Sherman Act, discrimination, violations of the uniform commercial code, and Indiana business corporation laws.

Mr. Smith asserts that on March 3, 2005 he read in several magazines that GlaxoSmithKline settled a lawsuit for violation of antitrust laws for withholding a cheaper, generic version of the drug Paxil. Apparently, Mr. Smith had purchased Paxil for seven years. He argues his rights were violated because he was forced to pay the full price for the drug.

To state a claim under § 1983, a plaintiff must allege that the defendants acted under color of state law. *Alvarado* at 651. Here there is no allegation that these defendants acted under color of state law, nor would it be a reasonable inference that they did. Mr. Smith does not allege that any state employee sold him the Paxil at an illegal price; nor that the defendants were agents or employees of the state. Rather he alleges that the defendants, as private companies and citizens, illegally sold him a name brand drug when a cheaper generic version was available. When they did so, they were not acting under color of state law and therefore did not violate § 1983. To the extent that he alleges violations of his civil rights, the complaint fails to state a claim.

Mr. Smith's claims of violations of the Wheeler-Lea Act, the Federal Trade Commission Act, and the Robinson Patman Act claims are dismissed. The Wheeler-Lea Act and claims under the Federal Trade Commission Act do not provide for a private cause of action. *See, e.g., Naylor v. Case & McGrath, Inc.*, 585 F.2d 557, 561 (2d Cir.1978). Nor does the Robinson Patman Act provide for

2

a private cause of action. *See Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373 (1958). Mr. Smith's claim that the defendants acted maliciously and egregiously for not coming into compliance with the "CFR by-laws" is vague and unclear. It does not appear that this allegation states a claim for relief.

Mr. Smith alleges that the defendants violated the Federal Racketeer Influenced and Corrupt Organizations Act (RICO) when they conspired to participate in racketeering. The federal RICO statute requires a plaintiff to establish that the defendant is involved in an "enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962(a). There must be some effect on interstate commerce to satisfy this jurisdictional element. *U.S. v. Muskovsky*, 863 F.2d 1319, 1325 (7th Cir. 1988).

Section 1962 is a criminal statute, and an individual plaintiff cannot proceed directly under this statute. Section 1964 is entitled "civil remedies," and allows "any person injured in his business or property by reason of a violation of section 1962 of this chapter" to bring a claim for civil damages. Mr. Smith's federal civil RICO claim arises under § 1964. To recover on a civil RICO claim pursuant to § 1964, "plaintiffs must prove, first, that § 1962 was violated; second that they were injured in their business or property; and third, that the § 1962 violation caused the injury." *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1396 (11th Cir. 1994).

Mr. Smith alleges that the defendants overcharged him for Paxil, causing him to spend thousands of dollars he could have saved. He does not allege that his business or property were injured as a result of the defendants action because Mr. Smith does not allege he was in business. Even giving him the benefit of the inferences to which he is entitled, the facts as stated could not constitute a RICO violation.

In the last two claims, XI and XII, Mr. Smith alleges that the defendants violated rights protected by state law. Federal courts generally should relinquish supplementary jurisdiction over

3

state law claims when all federal claims are dismissed before trial. See 28 U.S.C. § 1367(c)(3). Because the court dismisses Mr. Smith's federal claims at the screening stage, it will also decline to exercise supplemental jurisdiction over his state law claims. That Mr. Smith has no federal law claims against the defendants, does not mean that he may not pursue his state law claims in state court, so the court dismisses this case without prejudice to Mr. Smith's ability to bring his claims in an appropriate state court.

For the foregoing reasons, the court DENIES the plaintiff leave to proceed against the defendants, DENIES the plaintiff's motion for default (DE10) and motion to move the court (DE11), and DISMISSES this cause of action without prejudice to the plaintiff's right to bring his claims in an appropriate state court.

SO ORDERED.

ENTERED: March 28, 2006

                                                   S/ ALLEN SHARP  
                                                   ALLEN SHARP, JUDGE  
                                                   UNITED STATES DISTRICT COURT